1    BRANDON M. TESSER (SBN 168476)
     (brandon@tessergrossman.com)
2    BRIAN M. GROSSMAN (SBN 166681)
     (brian@tessergrossman.com)
3    BETHANY R. BURRILL (SBN 294088)
     (bethany@tessergrossman.com)
4    TESSER | GROSSMAN LLP
     11990 San Vicente Boulevard, Suite 300
5    Los Angeles, California 90049
     Telephone: (310) 207-4558
6    Facsimile: (424) 256-2689

7    Attorneys for Plaintiff
     ELOHIM EPF USA, INC.

8

9

10             **UNITED STATES DISTRICT COURT**

11             **CENTRAL DISTRICT OF CALIFORNIA**

12

| | |
|---|---|
| ELOHIM EPF USA, INC., a California Corporation, | Case No.: |
|        Plaintiff, | **COMPLAINT FOR** |
|        vs. | **1.**    **DIRECT COPYRIGHT INFRINGEMENT;** |
| BEVERLY BISTRO, INC., a California Corporation d/b/a EXPRESS NIGHT CLUB; JIMMY LEE, an individual; UNI DELIPIA, INC., a California Corporation d/b/a MUZEN KARAOKE; IL CHAN KIM, an individual; BEE FREE, INC., a California Corporation d/b/a VOLCANO; SUNNY YUN, an individual; YOUNG CHUL YI, an individual d/b/a CLUB RENDEVOUS; CHARLES HYUNGSUP LEE, an individual d/b/a GRAND CAFE; HYE MIN CHOI, an individual d/b/a CHORUS MUSIC STUDIO; and DOES 1 through 20, inclusive | **2.**    **CONTRIBUTORY COPYRIGHT INFRINGEMENT;** |
| | **3.**    **VICARIOUS COPYRIGHT INFRINGEMENT;** |
| | **4.**    **INDUCING COPYRIGHT INFRINGEMENT** |
| | **JURY DEMAND** |
|        Defendants. | |

Plaintiff Elohim EPF, USA, Inc. alleges as follows:

# I

## JURISDICTION

1.      This court has subject matter jurisdiction over this action because it arises under the laws of the United States, 28 U.S.C. § 1331, more particularly, because it arises under an Act of Congress relating to copyrights, 28 U.S.C. § 1338, namely, the Copyright Act of 1976, as amended, 17 U.S.C. § 101 *et seq.*

# II

## VENUE

2.      Venue is proper in this district pursuant to 28 U.S.C. § 1400(a), in that all of the defendants, or their agents, reside or may be found in the district.

3.      Venue is also proper in this district pursuant to 28 U.S.C. § 1391(b) in that either: (1) one or more defendants reside in this district, and all defendants reside in this state; (2) a substantial part of the events or omissions giving rise to the claim occurred in this district; or (3) at least one defendant resides in this district, if there is no district in which the action may otherwise be brought.

# III

## PARTIES

4.      Plaintiff ELOHIM EPF USA, INC. ("Elohim") is a corporation duly organized and existing under the laws of the State of California, with its principal place of business in Diamond Bar, California.  Elohim is the United States sub-publisher for a substantial number of music publishers in the Republic of Korea ("Korea") and, as such, controls the right to license compositions for those publishers in the United States.

///

**COMPLAINT**

5.     Defendant BEVERLY BISTRO, INC. ("BEVERLY BISTRO") is a corporation duly licensed and existing under the laws of the State of California, with its principal place of business in Stanton, California. BEVERLY BISTRO operates, maintains and controls an establishment known as EXPRESS NIGHT CLUB ("EXPRESS") located at 4289 Beverly Boulevard, Los Angeles, California 90004, in this district. EXPRESS contains and operates karaoke machine(s) on its premises. BEVERLY BISTRO has a direct financial interest in EXPRESS.

6.     Defendant JIMMY LEE is, upon information and belief, a resident of Los Angeles County, and the Chief Executive Officer of BEVERLY BISTRO. Upon information and belief, JIMMY LEE  directs, controls and ratifies the operation and management of BEVERLY BISTRO d/b/a EXPRESS, and has a direct financial interest in BEVERLY BISTRO d/b/a EXPRESS. JIMMY LEE is the moving force behind the infringing activity alleged herein and is personally liable for such infringement.

7.     Defendant  UNI DELIPIA, INC. ("UNI DELIPIA") is a corporation duly licensed and existing under the laws of the State of California, with its principal place of business in San Diego, California.  UNI DELIPIA operates, maintains and controls an establishment known as MUZEN KARAOKE ("MUZEN") located at 7770 Vickers Street, #100, San Diego, California 92111. MUZEN contains and operates karaoke machine(s) on its premises. UNI DELIPIA has a direct financial interest in MUZEN.

8.     Defendant  IL CHAN KIM is, upon information and belief, a resident of San Diego County, and an officer of UNI DELIPIA.  Upon information and belief, IL CHAN KIM directs, controls and ratifies the operation and management of UNI DELIPIA, INC. d/b/a MUZEN KARAOKE, and has a direct financial interest in UNI DELIPIA, INC. d/b/a MUZEN KARAOKE. IL CHAN KIM is the moving force behind the infringing activity alleged herein and is personally liable for such infringement.

9.     Defendant BEE FREE, INC. ("BEE FREE")  is a corporation duly licensed and existing under the laws of the State of California, with its principal place of business in Los Angeles, California.  BEE FREE operates, maintains and controls an establishment known as VOLCANO ("VOLCANO") located at 531 South Alvarado Street, Los Angeles, California 90057, in this district. VOLCANO contains and operates karaoke machine(s) on its premises.  BEE FREE has a direct financial interest in VOLCANO.

10.     Defendant SUNNY YUN is, upon information and belief, a resident of Orange County, and the Chief Executive Officer of BEE FREE.  Upon information and belief, SUNNY YUN directs, controls and ratifies the operation and management of BEE FREE d/b/a VOLCANO, and has a direct financial interest in BEE FREE d/b/a VOLCANO.  SUNNY YUN is the moving force behind the infringing activity alleged herein and is personally liable for such infringement.

11.     Defendant YOUNG CHUL YI, is, upon information and belief, a resident of Orange County, and operates, maintains and controls an establishment known as CLUB RENDEVOUS ("RENDEVOUS") located at 8610 West Garden Grove Boulevard, Garden Grove, California 92844. RENDEVOUS contains and operates karaoke machine(s) on its premises.

12.     Upon information and belief, YOUNG CHUL YI directs, controls and ratifies the operation and management of RENDEVOUS, and has a direct financial interest in RENDEVOUS.  YOUNG CHUL YI is the moving force behind the infringing activity alleged herein and is personally liable for such infringement.

13.     Defendant CHARLES HYUNGSUP LEE, is, upon information and belief, a resident of Los Angeles County, and operates, maintains and controls an establishment known as GRAND CAFÉ ("GRAND CAFE") located at 3160 West 8th Street, Los Angeles, California 90005. GRAND CAFE contains and operates karaoke machine(s) on its premises.

///

14.     Upon information and belief, CHARLES HYUNGSUP LEE directs, controls and ratifies the operation and management of GRAND CAFE, and has a direct financial interest in GRAND CAFE.  CHARLES HYUNGSUP LEE is the moving force behind the infringing activity alleged herein and is personally liable for such infringement.

15.     Defendant HYE MIN CHOI, is, upon information and belief, a resident of Los Angeles County, and operates, maintains and controls an establishment known as CHORUS MUSIC STUDIO ("CHORUS") located at 326 West Western Avenue, Los Angeles, California 90020. CHORUS contains and operates karaoke machine(s) on its premises.

16.     Upon information and belief, HYE MIN CHOI directs, controls and ratifies the operation and management of CHORUS, and has a direct financial interest in CHORUS.  HYE MIN CHOI is the moving force behind the infringing activity alleged herein and is personally liable for such infringement.

17.     All of the aforementioned Defendants, and Doe defendants, when referred to collectively herein, shall be referred to as "Defendants."  The establishments that contain and operate karaoke machine(s) on their premises, when referred to collectively herein, shall be referred to as "Karaoke Establishments."

18.     All Defendants are joined pursuant to Fed. R. Civ. P. 20(a)(2).

19.     Each of the Defendants publicly performs musical compositions and/or causes musical compositions to be publicly performed in connection with the operation of the Karaoke Establishments.

20.     Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as Does 1-20, inclusive, and therefore sues these Defendants by such fictitious names.  Plaintiff will amend this Complaint to allege the true names and capacities when ascertained.  Plaintiff is informed and believes, and on that basis alleges, that each of the fictitiously-named Defendants is responsible in some

///

1   manner or capacity for the wrongful conduct alleged herein, and that Plaintiff's loss
2   as alleged herein was proximately and/or directly caused by such Defendants' acts.

3        21.   All of the claims for copyright infringement joined in this Complaint
4   are governed and arise from or relate to the same transaction or occurrence, or series
5   of transactions or occurrences, and one or more  questions(s) of law or fact are
6   common to all the parties.  In particular, Plaintiff alleges that Defendants have
7   infringed Plaintiff's copyrights by performing or causing the performance of
8   Plaintiff's musical compositions without authorization.  Thus, joinder of these
9   claims will promote the convenient administration of justice and will avoid a
10  multiplicity of separate, similar actions against Defendants.

## IV

## FACTS COMMON TO ALL CLAIMS

### Elohim EPF, USA, Inc.

15       22.   Commencing on or about July 1, 2013 and continuing through the
16  present, Elohim has been and continues to be the exclusive "Subpublisher" in the
17  United States and Canada of thousands of well-known and popular Korean music
18  compositions (for a small number of these songs, Elohim acts as the publisher).
19  These thousands of songs are referred to collectively herein as the " Compositions."

20       23.   A "Subpublisher" is a term of art in the music publishing industry,
21  which means a person or entity that has received from the copyright owner(s) or
22  various musical compositions a grant of the exclusive right in one (1) or more
23  countries of the world to "Administer" such musical compositions.  In the music
24  publishing industry, a "publisher" differs from a "Subpublisher" in that the
25  copyright owner usually grants the "publisher" the exclusive right to Administer
26  musical compositions throughout the world, whereas a copyright owner usually
27  grants one (1) or more "Subpublishers" the exclusive right to Administer musical
28  compositions for a territory less than the entire world.

24.    "Administer" is a term of art in the music publishing industry which means the right to license and grant all rights in the applicable musical compositions (and their copyrights), and to collect all monies earned in connection with such musical compositions.

25.    Accordingly, pursuant to the terms of the Subpublishing agreements (or in certain specified instances, the publishing agreements) between Elohim and the copyright holders of the Compositions, Elohim registered certain Compositions with the U.S. Copyright Office (hereinafter collectively the "Registered Compositions"). Although Plaintiff contends that Defendants have infringed Plaintiff's rights in all of the Compositions, this lawsuit concerns only the following Registered Compositions:

1.    Hwa (Case No. 1-3910651651)[1];

2.    Ba Daeui Yeoin (Case No. 1-3910651651);

3.    Yeht Sarang (Case No. 1-3910651651);

4.    Sarang Eui Euiji (Case No. 1-3910651651);

5.    Yoksim Upneun Maeum (Case No. 1-3910651651);

6.    Haeng Jin (Case No. 1-1025712461);

7.    Michigetseo (Case No. 1-1025150817);

8.    Jangnan Anya (Case No. 1-1025150817)

9.    Bad Boy (Case No. 1-3396749316)

10.    NumMuri Jururuk (Case No. 1-1025150817)

11.    Bam Ha Neul E (Case No. 1-1025150817)

12.    Jeong Sin I Na Gat Eot Na Bwa (Case No. PA 1-904-034)

13.    Hot Boy (Case No. 1-3374196266)

14.    Il Gi Jang (Case No. 1-3397260545)

15.    To Yo Il Bam E (Case No. 1-3396749291)

16.    Dolgo Dolgo Dolgo (Case No. 1-1025712461)

---

[1] Songs one through five were registered pursuant to publishing agreements.

17. Bunmyung Ha Ge (Case No. 1-1025712461)

18. Geok Jeong Mara (Case No. 1-1025712461)

19. Narang Sagwilrae (Case No. 1-1025150817)

20. Seul Peun Uem Ak (Case No. SR000073592)

21. Diva (Case No. 1-3373820967)

22. Neo Ttae Mun E (Case No. 1-3373820967)

23. Bingeul Bingeul (Case No. 1-3916873398)

24. Tteol Eo Jin Da Nun Mool (Case No. 1-337396867)

25. Superman (Case No. 1-3336625682)

26. A Ro Ha (Case No. 1-3916873477)

27. Yak Sok (Case No. 1-3916873566)

28. Love Again (Case No. 1-3916873615)

29. For U (Case No. 1-3916873664)

30. Eol Ssu (Case No. 1-3364876763)

31. Himeul Naepsi Da (Case No. 1-3916873733)

32. Ga Ye Wo (Case No. 1-3373968648)

33. Go Hae (Case No. SR0000740303)

34. Gin Sang Meo Ri Geu Nyeo (Case No. SR0000733789)

35. Ma Boy (Case No. SR0000735001)

36.  So Cool (Case No. SR0000735000)

37. Push Push (Case No. SR0000735000)

38. Gu Dae Wa Ham Ke (Case No. SR0000734414)

39. Neo Man Ul Nu Ki Myeo (Case No. SR0000734414)

26. Elohim is the exclusive owner of the United States copyright in and to the Registered Compositions.

27. During all periods relevant to this action, Elohim has had and continues to have the exclusive rights in the copyright under the Copyright Act to the Registered Compositions, including a) the exclusive right to reproduce the

1  Registered Compositions in copies or phonorecords (17 U.S.C. § 106(1)); b) the

2  exclusive right to prepare derivative works based on the Registered Compositions

3  (17 U.S.C. § 106(2)); c) the exclusive right to distribute copies or phonorecords of

4  the Registered Compositions in the public by sale, rental, lease or lending (17

5  U.S.C. § 106(3)); d) the exclusive right to perform the Registered Compositions

6  publicly (17 U.S.C. § 106(4)); and e) the exclusive right to *display* the Registered

7  Compositions publicly (17 U.S.C. § 106(5)).

8      28.    Within the past three years Defendants have, in the Karaoke

9  Establishments, publicly performed and displayed and/or caused the public

10  performance and display or, the Registered Compositions by means of karaoke

11  machines, video monitors and sound systems.

12  **<u>Defendants</u>**

13      29.    Karaoke, which means "empty orchestra" in Japanese, is a multi-million

14  dollar business.  Karaoke recordings are re-recordings of hit songs with the lead

15  vocal tracks either omitted (instrumental) or sung by sound-alike artists (learning

16  track). Lyrics are usually displayed on a video screen, along with a moving symbol,

17  changing color, or music video image as a "prompt" to guide the singer in singing-

18  along with the track.

19      30.    According to public records, since on or about April 2017, Defendants

20  have, and continue to, own and operate various so-called "karaoke bars" in the cities

21  of Los Angeles, Stanton, Fullerton, La Habra and San Diego. Defendants charge

22  customers money for access to the many karaoke machines that Defendants have

23  placed in the Karaoke Establishments described herein.  The karaoke machines, and

24  the interaction of the customers with those machines, are the primary features of the

25  experience for which customers pay Defendants.   Without karaoke music,

26  Defendants would not be able to operate their businesses *at all*, and would earn no

27  revenue; karaoke music is Defendants' stock-in-trade.

28  ///

31.   Upon entering a Karaoke Establishment, one of Defendants' employees will assign patrons to one of the multiple individual karaoke rooms located therein. In these individual karaoke rooms, Defendants have set up a karaoke machine, video monitor, and sound system (e.g., speakers, amplifier and microphone) such that patrons can access and perform the musical compositions pre-recorded onto the karaoke machines, which compositions include the Registered Compositions. Within each room there is also a binder that lists all of the karaoke musical compositions (i.e., songs) by name and number, for selection by customers, and which include the Registered Compositions. After a patron selects a certain musical composition, the instrumental music for the composition is played over the sound system, while concurrently a video monitor displays the lyrics for the musical composition so that the patron can sing along.

32.   A fundamental legal requirement for publicly performing copyrighted musical compositions embodied in karaoke recordings is a license granting the right of public performance, which must be obtained from the owner and/or administrator of the copyright of the musical compositions to be performed. In addition, the public visual display of song lyrics on the video monitors of the karaoke machines enjoys independent copyright protection, and thereby requires a separate license granting the right of display, which must also be obtained from the owner and/or administrator of the musical compositions.

33.   Here, Plaintiff has not granted Defendants the right to publicly perform or publicly display any of the Compositions. Moreover, Defendants have known that their continued public performance and public display of each of the Compositions constituted copyright infringement prior to the initiation of this action because Plaintiff sent cease and desist letters to Defendants. In addition, Plaintiff has made public announcements regarding such infringing conduct by Karaoke Establishments in order to educate them about such infringement, and urge them to stop, or acquire appropriate licenses. Thus, despite Defendants' knowledge that they

1   lacked authorization to publicly perform or publicly display the Compositions,

2   Defendants knowingly, willfully and intentionally continued their extensive use of

3   each of the Compositions in their respective Karaoke Establishments and failed to

4   pay Elohim for the right to publicly perform and publicly display each of the

5   Compositions as required by 17 U.S.C. §§ 106(4) and (5).

6

7                          **FIRST CLAIM FOR RELIEF FOR**

8                            **COPYRIGHT INFRINGEMENT**

9                              **(Against All Defendants)**

10        34.    Plaintiff realleges and incorporates herein by reference each and every

11   allegation set forth in Paragraphs 1 through 33, hereinabove, inclusive, as though

12   set forth at length herein.

13        35.    As set forth in detail above, Elohim is the copyright owner of the

14   Registered Compositions and has the exclusive right to grant licenses for the public

15   performance and public display of the Registered Compositions in the territory of

16   the United States.

17        36.    Since the inception of the Karaoke Establishments, Defendants have

18   publicly performed and publicly displayed, and/or caused or authorized the public

19   performance and public display, of each of the Registered Compositions by means

20   of one or more karaoke machines and through elaborate and expensive sound

21   systems and video monitors. Each of the public performances and public displays

22   of the Compositions has been conducted without a license or authorization from

23   Plaintiff.

24        37.    Thus, Defendants have knowingly and intentionally authorized, caused,

25   and engaged in the unlicensed public performance and public display of each of the

26   Registered Compositions in violation of Plaintiff's exclusive rights under the

27   Copyright Act, 17 U.S.C. §§ 106(4) and (5).

28   ///

38.     On information and belief, Defendants' unlawful conduct has continued since the inception of the Karaoke Establishments on a nightly basis and on such numerous occasions that recounting each specific instance of infringement is impossible.

39.     Each unauthorized public performance of each of the Registered Compositions constitutes a separate and distinct act of direct copyright infringement.

40.     Each unauthorized public display of each of the Registered Compositions constitutes a separate and distinct act of direct copyright infringement.

41.     The specific acts of copyright infringement alleged in this Complaint, as well as Defendants' entire course of conduct, have caused and are causing Plaintiff significant damage.   By continuing to provide unauthorized public performances and public displays of each of the Registered Compositions at their Karaoke Establishments, Defendants  threaten to continue committing copyright infringement on essentially a daily basis.  Unless this Court restrains Defendants from committing further acts of copyright infringement, Plaintiff will suffer irreparable injury for which it has no adequate remedy at law.

42.     Plaintiff also seeks an order under 17 U.S.C. § 503, directing the impoundment, destruction or other reasonable disposition of all infringing karaoke machines.

43.     Pursuant to 17 U.S.C. § 504(c), as a direct and proximate result of Defendants' direct infringement of Plaintiff's copyrights, Plaintiff is entitled to recover up to $150,000 in statutory damages for each of the Registered Compositions infringed. Alternatively, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff is entitled to its damages, including Defendants' profits from infringement, in connection with the Registered Compositions as will be proven at trial.

44.     Plaintiff is also entitled to recover attorney's fees and costs pursuant to 17 U.S.C. § 505 and prejudgment interest according to law.

## SECOND CLAIM FOR RELIEF FOR
## CONTRIBUTORY COPYRIGHT INFRINGEMENT
### (Against All Defendants)

45.     Plaintiff realleges and incorporates herein by reference each and every allegation set forth in Paragraphs 1 through 44, hereinabove, inclusive, as though set forth at length herein.

46.     As set forth in detail above, Elohim is the copyright owner of the Registered Compositions and has the exclusive right to grant licenses for the public performance and public display of the Registered Compositions in the territory of the United States.

47.     Defendants charge patrons money to access the karaoke machines that Defendants have placed in the Karaoke Establishments. Patrons pay Defendants an hourly rate for access to one of Defendants' rooms, wherein patrons are provided the opportunity and ability to cause the public performance and public display of each of the Registered Compositions without a license.  The sole purpose of the individual rooms is to provide patrons with a space to publicly perform and publicly display musical compositions (including the Registered Compositions) in the karaoke machines, and to charge patrons for such use.

48.     By providing patrons the space and ability (i.e., by furnishing the individual rooms with a karaoke machine, video monitor and sound system to play recordings of the musical compositions and display their lyrics) to publicly perform and to publicly display each of the Registered Compositions, Defendants have knowingly and systematically induced, caused, materially contributed to and participated in the infringing activity.

///

49.    Furthermore, as sophisticated business owners, Defendants know that they must have a license for the public performance and public display of the musical compositions in the karaoke machines that Defendants have on their premises.  Prior to this litigation, Defendants were in receipt of, and/or were aware of, cease and desist letter(s) and/or public announcements/press releases warning Karaoke Establishments to secure the proper licensing for the karaoke machines and musical compositions thereon, particularly a license for the Compositions (which include the Registered Compositions).

50.    By knowingly providing patrons unfettered access to publicly perform and publicly display each of the unlicensed Registered Compositions, Defendants have engaged in contributory copyright infringement.    Despite Defendants' knowledge that they lacked authorization to publicly perform and to publicly display each of the Compositions, Defendants knowingly, willfully and intentionally continued to induce, cause or materially contribute to the infringement of Plaintiff's rights by holding themselves out as a "karaoke-bar" and providing patrons of the Karaoke Establishments with individual rooms equipped to publicly perform and display each of the Registered Compositions in violation of Plaintiff's rights under Sections 105(4) and 106(5) of the Copyright Act.

51.    On information and belief, Defendants' contributory unlawful conduct has continued since the inception of the Karaoke Establishments on a nightly basis and on such numerous occasions that recounting every instance of infringement is impossible.

52.    Each unauthorized public performance of each of the Registered Compositions constitutes a separate and distinct act of contributory copyright infringement.

53.    Each unauthorized public display of each of the Registered Compositions constitutes a separate and distinct act of contributory copyright infringement.

54.     Defendants' conduct has been and continues to be intentional, willful, and with full knowledge of Plaintiffs' rights in each of the Registered Compositions, and the contributory infringement thereof.

55.     The specific acts of contributory copyright infringement alleged in this Complaint, as well as Defendants' entire course of conduct, have caused and are causing Plaintiff significant damage.  By continuing to provide unauthorized public performances and public displays of each of the Registered Compositions at their Karaoke Establishments, Defendants  threaten to continue committing copyright infringement on essentially a daily basis.  Unless this Court restrains Defendants from committing further acts of copyright infringement, Plaintiff will suffer irreparable injury for which it has no adequate remedy at law.

56.     Plaintiff also seeks an order under 17 U.S.C. § 503, directing the impoundment, destruction or other reasonable disposition of all infringing karaoke machines.

57.     Pursuant to 17 U.S.C. § 504(c), as a direct and proximate result of Defendants' contributory infringement of Plaintiff's copyrights, Plaintiff is entitled to recover up to $150,000 in statutory damages for each of the Registered Compositions.  Alternatively, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff is entitled to its damages, including Defendants' profits from infringement, in connection with the Registered Compositions as will be proven at trial.

58.     Plaintiff is also entitled to recovery attorney's fees and costs pursuant to 17 U.S.C. § 505 and prejudgment interest according to law.

///

///

///

///

///

///

## THIRD CLAIM FOR RELIEF FOR
## VICARIOUS COPYRIGHT INFRINGEMENT
### (Against All Defendants)

59.     Plaintiff realleges and incorporates herein by reference each and every allegation set forth in Paragraphs 1 through 58, hereinabove, inclusive, as though set forth at length herein.

60.     As set forth in detail above, Elohim is the copyright owner of the Registered Compositions and has the exclusive right to grant licenses for the public performance and public display of the Registered Compositions in the territory of the United States.

61.     Defendants charge patrons money to access the karaoke machines that Defendants have placed in the Karaoke Establishments.  Patrons pay Defendants an hourly rate for access to one of Defendants' rooms, wherein patrons are provided the opportunity and ability to cause the public performance and public display of each of the Registered Compositions without a license.  The sole purpose of the individual rooms is to provide patrons with a space to publicly perform and publicly display musical compositions (including the Registered Compositions) in the karaoke machines, and to charge patrons for such use.  In turn, Defendants have a direct financial interest in their patrons' unlawful public performance and public display of each of the Registered Compositions, as Defendants receive income directly from such use.

62.     Defendants have absolute control over the use of the karaoke machines on their premises, as well as their patrons' access so such karaoke machines and individual karaoke rooms.  Thus, Defendants have the right and ability to supervise, control and stop the unlicensed public performance and unlicenced public display of each of the Registered Compositions by Defendants' patrons.

63.     As sophisticated business owners, Defendants know that they must have a license for the public performance and public display of the musical

compositions in the karaoke machines that Defendants have on their premises. Furthermore, prior to this litigation, Defendants were in receipt of, and/or were aware of, cease and desist letter(s) and/or public announcements/press releases warning Karaoke Establishments to secure the proper licensing for the karaoke machines and musical compositions thereon, particularly a license for the Compositions (which include the Registered Compositions).

64.    By knowingly providing patrons unfettered access to publicly perform and publicly display each of the unlicensed Registered Compositions, and charging patrons for such use, Defendants profit from the direct infringement of Plaintiff's rights and thereby have engaged in vicarious copyright infringement.  Despite Defendants' knowledge that they lacked authorization to publicly perform and to publicly display each of the Compositions, Defendants knowingly, willfully and intentionally continued to profit from such use and knowingly failed to stop it, notwithstanding their right and ability to supervise the infringement in violation of Plaintiff's rights under Sections 105(4) and 106(5) of the Copyright Act.

65.    Since the inception of the Karaoke Establishments, Defendants have knowingly supervised and had a direct financial interest in the unauthorized public performance and unauthorized public display of each of the Registered Compositions.  On information and belief, Defendants' contributory unlawful conduct has continued since the inception of the Karaoke Establishments on a nightly basis and on such numerous occasions that recounting every instance of infringement is impossible.

66.    Each unauthorized public performance of each of the Registered Compositions constitutes a separate and distinct act of vicarious infringement.

67.    Each unauthorized public display of each of the Registered Compositions constitutes a separate and distinct act of vicarious infringement.

///

///

67.    Defendants' conduct has been and continues to be intentional, willful and with full knowledge of Plaintiff's rights in each of the Compositions, and the vicarious infringement thereof.

68.    The specific acts of vicarious copyright infringement alleged in this Complaint, as well as Defendants' entire course of conduct, have caused and are causing Plaintiff significant damage.  By continuing to provide unauthorized public performances and public displays of each of the Registered Compositions at their Karaoke Establishments, Defendants  threaten to continue committing copyright infringement on essentially a daily basis.  Unless this Court restrains Defendants from committing further acts of copyright infringement, Plaintiff will suffer irreparable injury for which it has no adequate remedy at law.

69.    Plaintiff also seeks an order under 17 U.S.C. § 503, directing the impoundment, destruction or other reasonable disposition of all infringing karaoke machines.

70.    Pursuant to 17 U.S.C. § 504(c), as a direct and proximate result of Defendants' vicarious infringement of Plaintiff's copyrights, Plaintiff is entitled to recover up to $150,000 in statutory damages for each of the Registered Compositions. Alternatively, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff is entitled to its damages, including Defendants' profits from infringement, in connection with the Registered Compositions as will be proven at trial.

71.    Plaintiff is also entitled to recovery attorney's fees and costs pursuant to 17 U.S.C. § 505 and prejudgment interest according to law.

///

///

///

///

///

///

## FOURTH CLAIM FOR RELIEF FOR
## INDUCING COPYRIGHT INFRINGEMENT
### (Against All Defendants)

72.     Plaintiff realleges and incorporates herein by reference each and every allegation set forth in Paragraphs 1 through 71, hereinabove, inclusive, as though set forth at length herein.

73.     As set forth in detail above, Elohim is the copyright owner of the Registered Compositions and has the exclusive right to grant licenses for the public performance and public display of the Registered Compositions in the territory of the United States.

74.     Defendants charge patrons money to access the karaoke machines that Defendants have placed in the Karaoke Establishments.  Patrons pay Defendants an hourly rate for access to one of Defendants' rooms, wherein patrons are provided the opportunity and ability to cause the public performance and public display of each of the Registered Compositions without a license.  The sole purpose of the individual rooms is to provide patrons with a space to publicly perform and publicly display musical compositions (including the Registered Compositions) in the karaoke machines, and to charge patrons for such use.

75.     By providing patrons the space and ability (i.e., by furnishing the individual rooms with a karaoke machine, video monitor and sound system to play recordings of the musical compositions and display their lyrics) to publicly perform and to publicly display each of the Registered Compositions, Defendants actively promote, encourage and induce their patrons to infringe Plaintiff's rights in each of the Registered Compositions.

76.     Furthermore, as sophisticated business owners, Defendants know that they must have a license for the public performance and public display of the musical compositions in the karaoke machines that Defendants have on their premises.  Furthermore, prior to this litigation, Defendants were in receipt of, and/or

were aware of, cease and desist letter(s) and/or public announcements/press releases warning Karaoke Establishments to secure the proper licensing for the karaoke machines and musical compositions thereon, particularly a license for the Compositions (which include the Registered Compositions).

77.   On information and belief, Defendants' contributory unlawful conduct has continued since the inception of the Karaoke Establishments on a nightly basis and on such numerous occasions that recounting every instance of infringement is impossible.

78.   Each unauthorized public performance of each of the Registered Compositions constitutes a separate and distinct act of inducing copyright infringement.

79.   Each unauthorized public display of each of the Registered Compositions constitutes a separate and distinct act of inducing copyright infringement.

80.   Defendants' conduct has been and continues to be intentional, willful and with full knowledge of Plaintiff's rights in each of the Compositions, and the inducement of infringement thereof.

81.   The specific acts of vicarious copyright infringement alleged in this Complaint, as well as Defendants' entire course of conduct, have caused and are causing Plaintiff significant damage. By continuing to provide unauthorized public performances and public displays of each of the Registered Compositions at their Karaoke Establishments, Defendants  threaten to continue committing copyright infringement on essentially a daily basis.  Unless this Court restrains Defendants from committing further acts of copyright infringement, Plaintiff will suffer irreparable injury for which it has no adequate remedy at law.

82.   Plaintiff also seeks an order under 17 U.S.C. § 503, directing the impoundment, destruction or other reasonable disposition of all infringing karaoke machines.

83.     Pursuant to 17 U.S.C. § 504(c), as a direct and proximate result of Defendants' vicarious infringement of Plaintiff's copyrights, Plaintiff is entitled to recover up to $150,000 in statutory damages for each of the Registered Compositions.  Alternatively, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff is entitled to its damages, including Defendants' profits from infringement, in connection with the Registered Compositions as will be proven at trial.

84.     Plaintiff is also entitled to recover attorney's fees and costs pursuant to 17 U.S.C. § 505 and prejudgment interest according to law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

**On the First Claim for Direct Copyright Infringement against all Defendants:**

A.     For an order imposing a constructive trust over those monies obtained by Defendants as a result of their violation of the Copyright Act;

B.     For an award of damages, including actual damages and any gains, profits and advantages, obtained by Defendants as a result of their acts of infringement in an amount according to proof;

C.     For an award of statutory damages in an amount of up to $150,000 for each of the Registered Works infringed according to proof at the time of trial;

D.     For a preliminary and permanent injunction prohibiting Defendants, and their agents, employees, servants, and anyone else acting in concert with them, from infringing, in any manner, the Registered Compositions, pursuant to 17 U.S.C. § 502;

E.     For an order directing the impoundment or other reasonable disposition of all infringing phonorecords and copies of each of the Registered Compositions, including all equipment containing copies or enabling performance or display of the Registered Compositions;

F.     For costs of suit, including reasonable attorney's fees pursuant to 17 U.S.C. § 505.

**On the Second Claim for Contributory Copyright Infringement against all Defendants:**

A.     For an order imposing a constructive trust over those monies obtained by Defendants as a result of their violation of the Copyright Act;

B.     For an award of damages, including actual damages and any gains, profits and advantages, obtained by Defendants as a result of their acts of infringement in an amount according to proof;

C.     For an award of statutory damages in an amount of up to $150,000 for each of the Registered Works infringed according to proof at the time of trial;

D.     For a preliminary and permanent injunction prohibiting Defendants, and their agents, employees, servants, and anyone else acting in concert with them, from infringing, in any manner, the Registered Compositions, pursuant to 17 U.S.C. § 502;

E.     For an order directing the impoundment or other reasonable disposition of all infringing phonorecords and copies of each of the Registered Compositions, including all equipment containing copies or enabling performance or display of the Registered Compositions;

F.     For costs of suit, including reasonable attorney's fees pursuant to 17 U.S.C. § 505.

**On the Third Claim for Vicarious Infringement against all Defendants:**

A.     For an order imposing a constructive trust over those monies obtained by Defendants as a result of their violation of the Copyright Act;

B.     For an award of damages, including actual damages and any gains, profits and advantages, obtained by Defendants as a result of their acts of infringement in an amount according to proof;

C.    For an award of statutory damages in an amount of up to $150,000 for each of the Registered Works infringed according to proof at the time of trial;

D.    For a preliminary and permanent injunction prohibiting Defendants, and their agents, employees, servants, and anyone else acting in concert with them, from infringing, in any manner, the Registered Compositions, pursuant to 17 U.S.C. § 502;

E.    For an order directing the impoundment or other reasonable disposition of all infringing phonorecords and copies of each of the Registered Compositions, including all equipment containing copies or enabling performance or display of the Registered Compositions;

F.    For costs of suit, including reasonable attorney's fees pursuant to 17 U.S.C. § 505.

**On the Fourth Claim for Inducing Infringement against all Defendants:**

A.    For an order imposing a constructive trust over those monies obtained by Defendants as a result of their violation of the Copyright Act;

B.    For an award of damages, including actual damages and any gains, profits and advantages, obtained by Defendants as a result of their acts of infringement in an amount according to proof;

C.    For an award of statutory damages in an amount of up to $150,000 for each of the Registered Works infringed according to proof at the time of trial;

D.    For a preliminary and permanent injunction prohibiting Defendants, and their agents, employees, servants, and anyone else acting in concert with them, from infringing, in any manner, the Registered Compositions, pursuant to 17 U.S.C. § 502;

///
///

1      E.      For an order directing the impoundment or other reasonable disposition

2                of all infringing phonorecords and copies of each of the Registered

3                Compositions, including all equipment containing copies of or

4                enabling performance or display of the Registered Compositions;

5      F.      For costs of suit, including reasonable attorney's fees pursuant to 17

6                U.S.C. § 505.

7 **On All Claims for Relief:**

8      A.      For costs of suit incurred herein;

9      B.      For prejudgment interest at the legal rate; and

10      C.      For such other and further relief as the Court deems just and proper.

14 DATED: August 3, 2017            TESSER | GROSSMAN LLP

16

17                     /s/ Brandon M. Tesser
BRANDON M. TESSER
Attorneys for Plaintiff
18                   ELOHIM EPF USA, INC.
E-mail: brandon@tessergrossman.com

1

## DEMAND FOR JURY TRIAL

2

3        Plaintiff hereby demands a jury trial on all claims for relief which may be

4    tried to a jury.

5

6    DATED: August 3, 2017              TESSER | GROSSMAN LLP

7

8

9                                      /s/ Brandon M. Tesser
                                       BRANDON M. TESSER
10                                     Attorneys for Plaintiff
                                       ELOHIM EPF USA, INC.
11                                     E-mail: brandon@tessergrossman.com

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28